UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLOBAL BROTHER SRL, a Romanian
Societate cu Raspundere Limitata

    Plaintiff,

v.                                          Case No. 8:25-cv-00980-KKM-NHA

ZHULIANG, d/b/a RRTIU and DOES
1-10

    Defendant.
_____/

**ORDER**

Plaintiff Global Brother SRL moves for entry of Clerk's default against Defendant "Zhulang d/b/a RRTUI and DOES 1-10."[1] Doc. 21. I deny the motion.

**I.    Background**

Plaintiff, a publisher of health and wellness books, alleges that Defendant, a Chinese company, reproduced and distributed copies of Plaintiff's protected works through online platforms without authorization to mislead consumers and divert sales. Doc. 9 ¶¶ 1-3. Plaintiff brings claims under the

---

[1] It appears Defendant and "DOES 1-10" refer to a single entity. Although Plaintiff's filings at times suggests Plaintiff sues multiple defendants, the Amended Complaint clarifies that this action has only one defendant, Zhuliang, which Plaintiff alleges does business as "RRTIU" and other names. *See* Doc. 8 ¶¶ 1, 11. The Court thus refers to the Defendant only as "Defendant" or "Zhuliang."

Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., and related state laws. *Id.* ¶ 3. The Amended Complaint alleges Defendant Zhuliang's address is "Wuchang District Unit 305, Building 10, Wanjin International Plaza Wuhan." *Id.* ¶ 11.

Plaintiff filed its Complaint (Doc. 1) on April 17, 2025, and its Amended Complaint (Doc. 9) on April 24. After Plaintiff failed to file any return of service for three months, the Court entered an order on July 17 which noted that the time for Plaintiff to serve Defendant had expired and directed Plaintiff to file proof of service no later than July 24, 2025. Doc. 12. Five days later, Plaintiff filed a "Return of Service Unexecuted," which consisted of a proof of service form completed by Plaintiff's attorney, stating only that the summons for "Zhuliang d/b/a RRTIU and Does 1-10" was "received" by the attorney on April 18, 2024, and that the summons was being returned unexecuted because "the foreign entity is refusing service." Doc. 14. The filing did not specify an address at which service for Defendant was allegedly attempted, and the "additional information" section of the form was left blank. *Id.*

The same day, July 22, Plaintiff submitted a proposed summons for Defendant, which listed the Florida Secretary of State as Defendant's registered agent. Doc. 15. The Clerk issued the proposed summons on June 23. Doc. 16. Later that day, Plaintiff filed a "Notice of Compliance" with the Court's July 17 order, asserting that it had complied with the Court's order before July 24, because it had "served the Florida Secretary of State via substitute service

2

as Defendants are non-Florida parties not amenable to service otherwise." Doc. 17. Plaintiff then clarified that it had *requested* that the Florida Secretary of State accept service on behalf of Defendant, and that "the request is currently in process." *Id.* Plaintiff attached to its notice a copy of an automated email from the Florida Secretary of State, dated July 23, 2025, which stated that the office had received a request that day to accept substitute service for "Zhuliang dba RRTIU and Does 1-10," explaining that "submissions are reviewed in the order they are received," and that "you will receive another email after the submission has been processed." Doc. 17-1.

On September 2, 2025—more than a month after the Court's extended deadline to prove service—Plaintiff filed a second "Notice of Compliance." Doc. 18. The second notice asserted that Plaintiff had successfully "acted in accordance with" the Florida statute authorizing substitute service on the Secretary of State. *Id.* Plaintiff's counsel attached an affidavit swearing that "Plaintiff requested acceptance of service by the Florida Secretary of State which was received on July 23, 2025" (*id.* ¶ 6), and attached an email from plaintiff's attorney to Plaintiff, stating that "substitute service of process was accepted by the Florida Secretary of State on July 23, 2025" (Doc. 18-1, p. 6) – the same day that the email attached to Plaintiff's prior "Notice" showed the Secretary of State saying it had just received but had not yet processed the request for service.

3

The September 2 affidavit stated that, prior to sending process to the Secretary of State, Plaintiff had attempted service[2] by "email[ing] the Defendants as a copied party to Amazon notifying the instant lawsuit" on April 17 and attaching the complaint and summons. Doc. 18-1 ¶ 4. Plaintiff's attorney further asserted, "I have since hired ABC Legal, https://www.abclegal.com/, to serve the Defendants via the Hague (Dkt. 13). Service via the Hague remains pending and no response from the Defendants have been received." *Id*. Docket Entry 13 referenced in the email was, in fact, a notice of appearance by Plaintiff's co-counsel (*see* Doc. 13), and no other proof or discussion of attempted service "via the Hague" or by "ABC Legal" was included.

Plaintiff filed nothing further until October. The Court issued an order on October 10, noting that Plaintiff had purported to serve Zhuliang on July 23, but that no defendant had appeared. Doc. 20. The Court ordered Plaintiff to move for default no later than October 17. *Id*. In response, Plaintiff filed the instant motion on October 14. Doc. 21.

In its motion, Plaintiff asserts that Defendant was served on July 23rd. *See* Doc. 21 ¶ 5 ("Defendant had until August 13, 2025, to respond to the

---

[2] To the extent the affidavit also references attempting to email the Defendants on April 7 and 11 (Doc. 18-1 ¶ 3), the Court notes those contacts could not have been service attempts, because the Complaint had not yet been filed and no summons had been issued.

4

Complaint or pursue other remedies."). Plaintiff argues that the Clerk should enter a default against Zhuliang, because it was properly served and failed to timely respond. Doc. 21, p. 1.

Plaintiff attached to its motion an "Affidavit in Support of Plaintiff's Motion for Entry of Clerk's Default," which is nearly identical to the one attached to its September 2 "Notice." *Compare* Doc. 21-1 *with* Doc. 18-1.

To date, Plaintiff has filed no proof that the Secretary of State accepted service on Zhuliang's behalf, instead continuously referring to the date when the Secretary acknowledged receipt of Plaintiff's *request* that it accept service for Zhuliang. Plaintiff has also never filed any support for its assertion to Amazon that it attempted to serve Defendant "via the Hague." Likewise, Plaintiff has filed no evidence demonstrating other attempts to serve Defendant beyond the email it sent to Amazon in April.

## II. Legal Authority

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is

5

insufficient, the court has no power to render judgment." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Federal Rule of Civil Procedure 4(h)(2) provides that a defendant entity located outside of a judicial district of the United States may be served pursuant to Rule 4(f). Rule 4(f), in turn, allows for service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" or "by other means not prohibited by international agreement, as the court orders." FED. R. CIV. P. 4(f)(1), (f)(3).

### III.   Analysis

Here, Plaintiff invokes Florida state law (specifically, Fla. Stat. § 48.161) to justify serving Defendant via the Secretary of State. However, while FED. R. CIV. P. 4(e)(1) authorizes parties to rely on state service laws in serving individuals (and, when read with Rule 4(h)(1), corporations) that are *in a United States judicial district*, Rule 4(h)(2), which governs service on corporations *not* within the United States, does not allow parties to serve process via procedures authorized under state law. Since Plaintiff alleges that Defendant is located in China (and contacted Florida only via its sales), it has no basis for invoking state law to justify serving Zhuliang.

Even if it were proper for Plaintiff to rely on Fla. Stat. § 48.161 in this case, Plaintiff would not be entitled to default, in part, because it never showed that it actually completed service on Defendant via the Secretary. Indeed, its filings are, at best, unclear as to when service was allegedly completed, with Plaintiff asserting in its July 23 notice (Doc. 17) that "the request [to accept service] is currently in process," but later suggesting that service was complete on July 23, with Plaintiff's attorney vaguely avowing in his September 2 and October 17 affidavits (Docs. 18-1, 21-1) that "Plaintiff requested acceptance of service by the Florida Secretary of State which was received on July 23, 2025."

Finally, Plaintiff has not shown that it otherwise served Defendant in accordance with FED. R. CIV. P. 4(f). Its allusions to "ongoing" attempts to serve Zhuliang "via the Hague" are insufficient to prove service. And its repeatedly-referenced first "attempt" at service was via email, which this Court has held is not authorized by the Hague convention. *See Duong v. DDG BIM Servs. LLC*, 700 F. Supp. 3d 1088, 1094.

In short (and as explained in Section I), Plaintiff has repeatedly failed to provide proof of service of process on Defendant. Plaintiff's motion for an entry of default against Defendant is therefore denied.

Plaintiff is directed to show cause on or before January 23, 2026 for its failure to timely serve Defendant. If it does not timely show good cause, I will

likely recommend to the District Court that this case be dismissed for failure to follow Court orders and failure to prosecute.

DONE on January 9, 2026.

*[signature: Natalie Hirt Adams]*
NATALIE HIRT ADAMS
United States Magistrate Judge

8