UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLOBAL BROTHER SRL, a Romanian
Societate cu Raspundere Limitata

      Plaintiff,

v.                                                        Case No. 8:25-cv-00980-KKM-NHA

ZHULIANG, d/b/a RRTIU and DOES
1-10

      Defendant.

_____/

## ORDER

Plaintiff Global Brother SRL moves for an order authorizing alternative service on Defendant "Zhuliang d/b/a RRTUI and DOES 1-10"[1] and for an extension of the deadline to serve Defendant. Doc. 25. I grant the motion.

Plaintiff, a publisher of health and wellness books, alleges that Defendant, a Chinese company, reproduced and distributed copies of Plaintiff's protected works through online platforms without authorization to mislead consumers and divert sales. Doc. 9 ¶¶ 1-3. Plaintiff brings claims under the

---

[1] It appears Defendant and "DOES 1-10" refer to a single entity. Although Plaintiff's filings at times suggests Plaintiff sues multiple defendants, the Amended Complaint clarifies that this action has only one defendant, Zhuliang, which Plaintiff alleges does business as "RRTIU" and other names. *See* Doc. 8 ¶¶ 1, 11. The Court thus refers to the Defendant only as "Defendant" or "Zhuliang."

Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., and related state laws. *Id.* ¶ 3. The Amended Complaint alleges Defendant Zhuliang's address is "Wuchang District Unit 305, Building 10, Wanjin International Plaza Wuhan." *Id.* ¶ 11.

Plaintiff initially claimed to have served Defendant via substitute service on the Florida Secretary of State (Doc. 17), and moved for an entry of clerk's default against Defendant based on that putative service (Doc. 21). The Court denied that motion, holding that the method of service was neither authorized nor properly effected. Doc. 22.

Plaintiff subsequently filed the present motion, seeking an order pursuant to Federal Rule of Civil Procedure 4(f)(3) authorizing it to serve Defendant via email. Doc. 25. Plaintiff states that the China mailing address provided by Defendant has proven to be nonexistent; that Plaintiff has been unable to locate another physical address for Plaintiff; that Defendant has affirmatively used the email address "bieshuyi281814@163.com" in communications relating to this lawsuit; and that the said email address continues to be operable. *Id.* p. 3. Plaintiff also requests that the Court extend the deadline for it to serve Defendant to a date 45 days after the entry of this order. *Id.* p. 5.

## I.    Applicable Law

Federal Rule of Civil Procedure 4(h)(2) provides that a defendant entity located outside of a judicial district of the United States may be served

pursuant to Rule 4(f). Rule 4(f), in turn, allows for service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" or "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(1), (f)(3).

To effect international service by "other means" under Rule 4(f)(3), a plaintiff must first seek and receive authorization from the court to do so. *De Gazelle Group, Inc. v. Tamaz Trading Estab.*, 817 F.3d 747, 750 (11th Cir. 2016). In weighing a Rule 4(f)(3) motion to authorize alternative service, a court first must determine whether the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters ("Hague Service Convention")—the primary "international agreement" regarding service of process—applies to the case, and if so, whether it prohibits the proposed form of service. *See Water Splash, Inc. v. Menon*, 581 U.S. 271, 273 (2017) ("[T]he Hague Service Convention specifies certain approved methods of service and pre-empts inconsistent methods of service wherever it applies.") (quotation omitted).

If the Hague Convention does not apply or, does apply but does not prohibit the proposed method of service, the court employees three-part

analysis to determine if the proposed alternate means of service is appropriate under Rule 4(f)(3):

> First, the Court must be satisfied that the proposed method of service is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Second, the Court must determine if the proposed method of service minimizes offense to foreign law. Third, the Court must determine if the facts and circumstances warrant exercise of its discretion under Fed. R. Civ. P. 4(f).

*Tracfone Wireless, Inc. v. Hernandez*, 126 F. Supp. 3d 1357, 1364 (S.D. Fla. 2015) (collecting cases) (citations and quotation marks omitted).

## II.    Discussion

Here, Plaintiff has shown that the Hague Service Convention does not apply, and has provided sufficient facts to satisfy the three-part inquiry described in *Hernandez*.

### a.  The Hague Service Convention

Plaintiff's proposed method of serving Defendant via email is likely prohibited by the Hague Service Convention. *Duong v. DDG BIM Servs. LLC*, 700 F. Supp. 3d 1088, 1094 (M.D. Fla. 2023). However, that prohibition would only preclude email service under Rule 4(f)(3) if the Hague Service Convention applied here.

The Hague Service Convention does not apply—and therefore does not prohibit email service—"where the address of the person to be served with the document is not known." Hague Service Convention, Art. 1. While this

4

language suggests that simply not knowing the address of a defendant renders the Hague Service Convention inapplicable, courts have required plaintiffs to show that they first made "reasonably diligent efforts to learn the defendant's mailing address," before concluding that the address of a defendant is unknown. *See Luxottica Grp. S.p.A. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, 391 F. Supp. 3d 816, 822 (N.D. Ill. 2019) (collecting cases to demonstrate that courts "consistently" require this diligence of plaintiffs).

Courts have found that an address is unknown when, for example, (1) an investigator in the country of service determines the physical address provided was invalid, *Chanel, Inc. v. Song Xu*, No. 2:09-CV-02610-CGC, 2010 WL 396357, at *3 (W.D. Tenn. Jan. 27, 2010), and (2) mail sent to the defendant's listed address is returned, *Philip Morris USA Inc. v. Veles Ltd.*, No. 06 CV 2988 GBD, 2007 WL 725412, at n. 2 (S.D.N.Y. Mar. 12, 2007).

Here, Plaintiff's counsel, Jason Lee DeFrancesco, provides a sworn declaration that he "pursued service through Hague Convention procedures" using the only known address for Defendant, but that "Service could not be completed because the address proved nonexistent or otherwise unserviceable." Doc. 25-1 ¶ 3. In a previous filing, DeFrancesco provided a document showing that its efforts to serve Defendant through China's governmental authority for international service proved unsuccessful when the

5

Chinese authority returned the service form with the statement: "The address provided [(Unit 305, Building 10, Wanjin International Plaza, Wuchang District, Wuhan)] does not exist." *See* Doc. 23-1 pp. 7-8. In the declaration provided here, DeFrancesco further swears that: "Despite diligent efforts, Plaintiff has been unable to identify any alternative valid physical address for Defendant that would permit completion of Hague service." Doc. 25-1 ¶ 4.

Based on this showing, I find that Plaintiff has made diligent efforts to identify an address where Defendant could be served by means contemplated in the Hague Service Convention.  Because Defendant's address is still "not known," *see* Hague Service Convention, Art. 1, the Hague Service Convention does not apply to this case.

### b.  Reasonably Calculated to Apprise Defendant

Next, authorizing alternative service in this case is proper only if Plaintiff's proposed email service is "reasonably calculated, under all the circumstances, to apprise [Defendant] of the pendency of the action and afford [it] an opportunity to present [its] objections." *See Hernandez*, 126 F. Supp. 3d at 1364; *see also U.S. Commodity Futures Trading Commn. v. Aliaga*, 272 F.R.D. 617, 620 (S.D. Fla. 2011) ("The alternative method of service, however, must comport with constitutional notions due process.") (discussing Rule 4(3)(f)).

Plaintiff explains that email service is reasonably calculated to give notice to Defendant here, because Defendant used the email address (bieshuyi281814@163.com) to submit a counter-notice rebutting the initial copyright violation which Plaintiff submitted to Amazon before initiating this lawsuit. Doc. 25 p. 3. Plaintiff further notes that, in that counter-notice, Defendant agreed to submit to jurisdiction of United States courts and agreed to accept service of process from Plaintiff. *Id.* Indeed, Plaintiff attached a copy of an email from Amazon alerting Plaintiff to Defendant's pre-suit counter-notice. *See* Doc. 9-2. In that email, Amazon notified Plaintiff that "Zhuliang" had filed a counter-notice using the email "bieshuyi281814@163.com." Doc. 9-2. And, as part of submitting the counter-notice (reproduced in the body of Amazon's email) Defendant agreed to terms stating: "I am located outside of the United States and I consent to the jurisdiction of any judicial district in which Amazon may be found," and, "I agree to accept service of process by [Plaintiff]." *Id.*

Plaintiff has thus shown that Defendant used the email address to receive and send communications related to the underlying dispute. Of course, Defendant did not necessarily agree to accept service from Plaintiff *via email* by submitting the counter-notice. But the question here is not whether Defendant consented to Plaintiff's proposed method of service. Rather, the fact that the agreement to accept service suggests both that Defendant was aware

7

of the possibility of being served with process by Plaintiff, and that Defendant could reasonably expect to receive communications regarding any future legal action by Plaintiff at that email address. In other words, the fact that Defendant used the email address consent to service by Defendant supports the conclusion that service to that email is likely to provide notice to Defendant.

DeFrancesco's sworn declaration also states that DeFrancesco has sent (admittedly unanswered) emails to bieshuyi281814@163.com which were not returned as undeliverable. Doc. 25-1 ¶ 8. Plaintiff has thus shown that substitute service via email is reasonably calculated to apprise Defendant of this action and afford Defendant an opportunity to respond.

### c. Minimizing Offense to Foreign Law

Even when the Hague Service Convention does not apply, courts authorizing alternative service methods under Rule 4(f)(3) should confirm that "the proposed method of service minimizes offense to foreign law." *Hernandez*, 126 F. Supp. 3d at 1364; *see also Prewitt Enterprises, Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916 (11th Cir. 2003) (holding that, even when a method of service is not prohibited by international agreement, because "our Constitution requires that reasonable notice be given," courts should still make "*an earnest effort . . . to devise a method of communication that . . . minimizes*

*offense to foreign law*") (quoting 1993 Advisory Committee Notes to Rule 4(f)(3)) (emphasis supplied).

This standard—devised not from the text of Rule 4(f)(3) but from caselaw interpreting the Advisory Committee Notes and general principles of due process—operates not as a prohibition on authorizing service, but as a caution that the domestic law of the country in which service will be affected should be one of several factors a court considers in deciding whether to allow alternative service methods. *See Prewitt Enterprises*, 353 F.3d at 928 n. 21 ("We do not say that a district court *never* has discretion to direct service of process under Fed. R. Civ. P. 4(f)(3) that is in contravention of a foreign law. Rather, we are satisfied that under the facts and circumstances of this case, directing service of process would constitute a clear abuse of discretion.") (emphasis in original).

Here, given that the Hague Service Convention does not apply, but Defendant is apparently located in China, the question is whether email service minimizes offense to domestic Chinese law. *Cf. Prewitt Enterprises*, 353 F.3d at 927-28 (rejecting a plaintiff's argument that a district court should have authorized pursuant to Rule 4(f)(3) a particular method of service to serve a defendant in Austria "even if the service is contrary to the laws of Austria"); *see TracFone Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A. de DV*, 268 F.R.D. 687 (S.D. Fla. 2010) (citing *Prewitt* and finding that a proposed

9

method of service did *not* "offend Honduran law" because it was not "expressly prohibited by Honduran law").

With limited United States court authority available on the topic, the Court is unable to determine conclusively the legal status of service by email within China. But caselaw interpreting China's domestic service of process laws suggests that Chinese law permits email service in some cases, though likely not when, as here, the email service would be directly effected by the plaintiff. *See Smart Study Co., Ltd. v. Acuteye-Us*, 620 F. Supp. 3d 1382 (S.D.N.Y. 2022), *aff'd sub nom., Smart Study Co., Ltd v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164 (2d Cir. 2025) (discussing the status of email service under Chinese law with the benefit of an *amicus curiae* brief from Professor Benjamin Liebman, Robert L. Lieff Professor of Law and Director of Columbia Law School's Hong Yen Chang Center for Chinese Legal Studies).

In *Smart Study*, the district court denied a copyright plaintiff's motion for default judgment against several Chinese companies that had been served via email in accordance with the court's prior order authorizing such service under Rule 4(f)(3). *See id.* at 1385, 1387. Ultimately, the court concluded that email service had been improper because the plaintiff had not sufficiently shown that the defendants' addresses were "not known" when service had been authorized such that the Hague Service Convention would not apply, and that

the Hague Service Convention prohibited email service on defendants in China. *Id.* at 1392-94. However, the district court also considered and rejected the plaintiff's alternative argument that service had been proper under Rule 4(f)(2)(C), which provides for alternative methods of foreign service in certain circumstances "unless prohibited by the foreign country's law." *Id.* at 1397. In that part of the opinion, *Smart Study* concluded that "Chinese law prohibits a foreign party from serving defendants located in China by email." *Id.* With assistance from Professor Liebman's amicus brief, the court determined that Article 284 of the People's Republic of China Civil Procedure Law was "unambiguous" that "foreign individuals cannot serve documents unless Chinese authorities consent to their doing so." *Id.* at 1398. "Thus," the court reasoned, "a foreign individual or entity cannot, as a general rule, directly serve an individual in China by any means—not just email." *Id.*

However, considering an argument advanced by the plaintiff (who retained its own Chinese law expert to assist with briefing), the court also noted that Article 90 of China's Civil Procedure Law allows Chinese courts themselves to serve parties via "an electronic method of service," if the party being served consents to electronic service. *Id.* at 1399. The court thus acknowledged that service by electronic means is at least permitted in some circumstances under Chinese law, though it ultimately concluded that Article 90 did not deem the plaintiff's email service lawful because it "still requires

11

that a 'People's Court' [(i.e., a Chinese court)] serve litigation documents – not the parties." *Id.*

Thus, while the Court has not itself conducted an independent review of applicable Chinese law, persuasive authority on the subject indicates that Plaintiff's proposed method of service – emailing the summons and pleadings directly to Defendant – is likely prohibited by Chinese law. But that conclusion is not fatal to Plaintiff's motion. Although I find *Smart Study*'s analysis of Chinese law helpful, that analysis was conducted to determine whether email service was "prohibited by the foreign country's law" under Rule 4(f)(2)(C); the analysis under Rule 4(f)(3) is different. Under Rule 4(f)(3), as stated above, courts need only "*minimize* offense to foreign law" when authorizing alternative service under Rule 4(f)(3), an analysis which will sometimes, but not always, lead to the conclusion that a method of service which would not be lawful under the foreign country's laws should not be authorized. *See Prewitt Enterprises*, 353 F.3d at 928 n. 21 ("We do not say that a district court *never* has discretion to direct service of process under Fed. R. Civ. P. 4(f)(3) that is in contravention of a foreign law.").

Here, though it is a close question, I conclude that Plaintiff's proposal to serve Defendant via email minimizes offense to Chinese law. Importantly, this scenario is not one in which the proposed method of service is itself explicitly prohibited by the foreign country's law, because Article 90 does contemplate

12

electronic methods of service being authorized in some circumstanced. True, neither of the prerequisites in Article 90 – that the People's Court effect the service or that the party being served consents to electronic service – have been met here. But the fact that electronic service does occur in China serves to minimize the offense to Chinese law of the proposed electronic service. Further, Plaintiff has affirmatively attempted and failed to effect service through Chinese authorities, and has tried and failed to find a physical address for Defendant. These facts show, not only that the Hague Service Convention is inapplicable in this case, but also that Plaintiff's proposed method is the best of the less-than-ideal options available to Plaintiff and to the Court. In other words, email service on Defendant "minimizes offense" to Chinese law under the facts of this case.

### d. Facts and Circumstances of the Case

Finally, "the Court must determine if the facts and circumstances warrant exercise of its discretion under Fed. R. Civ. P. 4(f)[(3)]." *Hernandez*, 126 F. Supp. at 1364. Here, the circumstances of this case weigh in favor of authorizing Plaintiff's proposed method of service. This case had been pending for almost a year but has yet to progress past the initial filing, due to the difficulties Plaintiff has encountered in attempting to serve Defendant. Still, Plaintiff has consistently attempted to comply with the timelines for service set by the Court and the Federal rules, by attempting substitute service on

Defendant via the Florida Secretary of State (Doc. 17), timely moving for a Clerk's default based on that putative service (Doc. 21), timely responding (Doc. 23) to a show cause order (Doc. 22) to explain service delays and inadequacies, and filing the instant motion (Doc. 25) seeking advance authorization for Plaintiff's proposed method of alternative service. For this reason, and because Plaintiff has shown that serving Defendant via email is likely to provide notice to Defendant, the facts and circumstances of this case weigh in favor of granting Plaintiff's motion.

### III.    Conclusion

For the reasons stated, Plaintiff's request to authorize service via email on Defendant is granted. Under Rule 4(l)(2)(B), service made pursuant to Rule 4(f)(3) must be proven "by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee." Accordingly, Plaintiff must send the service emails with read-receipts or utilize another online service that can conclusively confirm that the emailed service was delivered to Defendant's email address. *See BBK Tobacco & Foods, LLP v. Gooshelly*, 613 F. Supp. 3d 1012, 1015 (E.D. Mich. 2020) (requiring a plaintiff utilizing email to affect alternative service abroad "to send the service e-mails with a read-receipt or an e-mail-service company that can confirm receipt of the e-mail"); *Williams v. Adver. Sex LLC*, 231 F.R.D. 483, 487-88 (N.D. W. Va. 2005) (same).

Finally, for the reasons stated in this order, the Court finds good cause under Rule 4(m) to extend Plaintiff's deadline to complete and prove service on Defendant to 45 days from the entry of this order.

It is thus ORDERED:

1) Plaintiff's Motion for Leave to Effect Alternative Service and for an Extension of Time (Doc. 25) is granted;

2) Plaintiff must serve Defendant via email by sending the service documents to "bieshuyi281814@163.com";

3) Within 45 days of the entry of this order, Plaintiff must file a proof of service on Defendant, including an electronic receipt or other document confirming that the service documents were delivered to the designated email address.

DONE on March 25, 2026.

NATALIE HIRT ADAMS
United States Magistrate Judge

15