UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLOBAL BROTHER SRL, a Romanian
Societate cu Raspundere Limitata

      Plaintiff,

v.

      Case No. 8:25-cv-00980-KKM-NHA

ZHULIANG, d/b/a RRTIU and DOES
1-10

      Defendant.

_____/

## ORDER

Plaintiff Global Brother SRL moves for entry of Clerk's default against Defendant "Zhuliang d/b/a RRTUI."[1] Doc. 29. I grant the motion.

### I.   Background

Plaintiff, a publisher of health and wellness books, sues Defendant, a Chinese company, bringing claims under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., and related state laws. Doc. 9. The Amended Complaint alleges

---

[1] As explained in a prior order, *see* Doc. 26 n. 1, the only defendant in this action is "Zhuliang," an entity that Plaintiff alleges does business as "RRTUI" and under other names, referred to in the case caption as "DOES 1-10." In the present motion, Plaintiff seeks an entry of Clerk's default only against "Zhuliang d/b/a RRTUI," so I only consider the motion as to the Defendant described as such. In any event, Zhuliang is the only entity facing liability, regardless of how it is described.

Defendant Zhuliang's address is "Wuchang District Unit 305, Building 10, Wanjin International Plaza Wuhan." *Id.* ¶ 11.

Plaintiff initially claimed to have served Defendant via substitute service on the Florida Secretary of State (Doc. 17) and moved for an entry of clerk's default against Defendant based on that service (Doc. 21). The Court denied that motion, holding that the method of service was neither authorized nor properly effected. Doc. 22.

Plaintiff then moved for an order authorizing service via email, pursuant to under Federal Rule of Civil Procedure 4(f)(3). Doc. 25. Plaintiff also provided a certificate from China's central authority for international service, showing that Plaintiff had attempted service on Defendant at its only known address by means authorized under the Hague Service Convention, and that the Chinese authority had determined that the address "does not exist." *See* Doc. 23-1 p. 7. The Court granted Plaintiff's motion to authorize alternative service, finding that the Hague Service Convention did not apply in this case because, given that the only known address for Defendant did not exist, Defendant's address was unknown; that serving Defendant via email would be reasonably calculated to notify Defendant of this action; and that email service would minimize offense to foreign law under the facts and circumstances of this case. Doc. 26. The Court authorized service on Defendant at the email address "bieshuyi281814@163.com," and directed Plaintiff to file proof of service,

2

including a "document confirming that the service documents were delivered to the designated email address," no later than May 10, 2026. Doc. 26 p. 15.

On April 28, Plaintiff filed a Proof of Service, showing that Plaintiff's attorney had emailed the summons and the Amended Complaint to Defendant at bieshuyi281814@163.com on that date, and attaching a copy of an email confirmation from Microsoft Outlook confirming delivery to that address. Doc. 27 pp. 4–5. Given the April 28 service date, Defendant had until May 19 to respond to the Amended Complaint. Defendant did not respond or otherwise appear in the action.

On May 29, Plaintiff filed the present motion, seeking entry of Clerk's default against Defendant. Doc. 29. Plaintiff states it is entitled to an entry of default because Defendant was served on April 28, and did not answer or otherwise respond to the Amended Complaint within 21 days of service. Doc. 29.

## II.   Legal Authority

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.,*

3

526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is insufficient, the court has no power to render judgment." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Federal Rule of Civil Procedure 4(h)(2) provides that a defendant entity located outside of a judicial district of the United States may be served pursuant to Rule 4(f). Rule 4(f), in turn, allows for service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents," or "by other means not prohibited by international agreement, as the court orders." FED. R. CIV. P. 4(f)(1), (f)(3).

When a party in a foreign country is served by a method other than those authorized under international agreement, a plaintiff must prove service "by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee." FED. R. CIV. P. 4(l)(2)(B).

### III.   Analysis

Here, Plaintiff asserts that it served Defendant in accordance with Rule 4(f)(3), by serving Defendant via means (email) that this Court expressly ordered after finding such service was not prohibited by international agreement. As the Court determined in its Order Authorizing Alternative

4

Service (Doc. 26), the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents did not apply here, because the foreign Defendant's address is unknown. And, Plaintiff has now demonstrated that it served Defendant in the manner authorized by that Order. Doc. 27. Plaintiff emailed service documents to Defendant, at bieshuyi281814@163.com, within the allotted period, and filed a document confirming delivery to that email address. Doc. 27 pp. 4–5.

The Microsoft Outlook confirmation of delivery serves both to demonstrate that Plaintiff served Defendant in the precise method authorized by the Court, and to satisfy the requirement of Rule 4(l)(2)(B) that service pursuant to Rule 4(f)(3) be proven "by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee."

Plaintiff has thus shown that it served Defendant on April 28 in compliance with the Federal Rules and with the Court's Order. Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendant's response to the Amended Complaint was due by May 19. Defendant has not filed an answer or other responsive pleading, nor has Defendant appeared or otherwise demonstrated an intent to defend this case.

Accordingly:

1. Plaintiff's motion for Clerk's default (Doc. 29) is GRANTED;

5

2. The Clerk is directed to enter default against "Zhuliang d/b/a RRTUI"

3. Pursuant to Local Rule 1.10, Plaintiff shall, within 35 days of entry of the Clerk's default, apply for default judgment or file a paper identifying each unresolved issue necessary to entry of the default judgment.

ORDERED on June 8, 2026.

NATALIE HIRT ADAMS
United States Magistrate Judge